NOT FOR PUBLICATION                                                          CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ALFRED PETROSSIAN, | : | Hon. Faith S. Hochberg, U.S.D.J. |
| | : | |
| Plaintiff, | : | Civil Case No. 11-4882 (FSH) |
| | : | |
| v. | : | **AMENDED OPINION &** |
| | : | **ORDER** |
| JERRY S. COLLINS, ROSE MARY HOWELL, | : | |
| and SUSAN A. COLE, | : | Date: December 7, 2011 |
| | : | |
| Defendants. | : | |
| | : | |

**HOCHBERG, District Judge;**

This matter comes before the Court upon *pro se* Plaintiff's filing of an Amended Complaint[1] on November 10, 2011.  The Court previously granted Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. § 1915 and, after *sua sponte* screening the original Complaint, found that it was frivolous and failed to state a claim on which relief could be granted.  The Court granted Plaintiff permission to file an Amended Complaint, thereby affording him the opportunity to state a cognizable claim.  This Court has reviewed Plaintiff's Amended Complaint pursuant to § 1915(e)(2)(B).

---

[1] Plaintiff's Amended Complaint is clearly intended to supplement the original Complaint rather than replace it.  In evaluating Plaintiff's claims under 28 U.S.C. §1915(e)(2)(B), the Court reads the Complaint and Amended Complaint together and will refer to both as the "Amended Complaint."

I.  **FACTS**[2]

Plaintiff, who is neither a student, faculty member, nor staff member of Montclair State University ("MSU"), spends time on the MSU campus, specifically at the library.  On June 7, 2011, Plaintiff received a letter from Defendant Jerry S. Collins, MSU Coordinator of Student Conduct, informing Plaintiff that he was reported by the MSU Police Department for "alleged policy violations" including "disruptive conduct; and failure to comply; as it is stated in the University Code of Conduct."  Compl., Ex. Pc1.  The letter further stated that due to Plaintiff's conduct and the fact that he was not a registered student, he would not be permitted on the MSU campus.  *Id.*  Plaintiff alleges that he was banned from the MSU campus in retaliation for exercising his First Amendment rights by passing a note to the office of the MSU library dean expressing his displeasure with the behavior of a reference librarian who Plaintiff referred to, in this note, as a "Fat, black person" "with a voice of a tormented crow," Compl. ¶ 10; Ex. Pd1. Plaintiff now brings this action claiming violations of 42 U.S.C. §§ 1981, 1983, and 1985, Title VII of the Civil Rights Act of 1964, and the First, Sixth, and Fourteenth Amendments of the United States Constitution.

II. **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."  On the liberally construed facts alleged, Plaintiff

---

[2] As Plaintiff is proceeding *pro se*, the Court reads his Amended Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has done its best to discern a cohesive set of factual allegations from the Amended Complaint.  However, the Court notes that this is done with some difficulty as the Amended Complaint takes the form of a meandering narrative, in which Plaintiff claims to have suffered "violation[s] of principals [sic] of Retributive Justice" "along reverse racial lines" after being "convicted" at the conclusion of a "secret trial," resulting in his ban from the MSU campus.

fails to state a single non-frivolous claim against Defendants on which relief can be granted, as set forth below.

Plaintiff's Title VII claim is completely frivolous as Plaintiff makes no allegations that he was ever an MSU employee or that he suffered any employment discrimination. Likewise, Plaintiff's § 1981 fails as he does not allege any violations of the rights protected by that law.

Each of Plaintiff's § 1983 constitutional claims is similarly frivolous. Plaintiff's First Amendment retaliation claim fails because his note to the MSU library dean, described above, is patently not protected speech as it is not of public concern. *See Carey v. City of Wilkes-Barre*, 410 Fed. Appx. 479, 482 (3d Cir. 2011). His Sixth Amendment claim fails as the Confrontation Clause applies to criminal proceedings only. His Fourteenth Amendment claim fails as the Amended Complaint contains nothing more than the conclusory assertion that Plaintiff, neither a student nor employee, has a protected liberty interest in accessing the MSU library. Because Plaintiff fails to plausibly allege that he was deprived, without due process, of a protected liberty interest, he has failed to demonstrate "more than a sheer possibility that [Defendants] ha[ve] acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Finally, Plaintiff's § 1985 is also frivolous as the Amended Complaint does not contain factual allegations "giving rise to a plausible claim that a racial or other class-based invidious discriminatory animus lay behind defendants' alleged actions." *Humphries v. Houghton*, No. 11-1784, 2011 WL 3627400, at *2 n.2 (3d Cir. Aug. 18, 2011).

## III.  CONCLUSION

After giving Plaintiff the opportunity to amend his Complaint in order to state a cognizable claim, the Court finds that the Amended Complaint fails to assert any non-frivolous claims on which relief can be granted.

For the reasons stated above, **IT IS** on this 7th day of December 2011, hereby

**ORDERED** Plaintiff's Complaint and Amended Complaint are **DISMISSED with prejudice** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.